UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES JULIAN TAYLOR<br>*Plaintiff*,<br><br>v.<br><br>CONSTABLE JERRY GARCIA, in his official capacity as Harris County Constable Precinct 2; DEPUTY CHRISTOPHER BOLIN, in his individual capacity; and HARRIS COUNTY, TEXAS,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **C.A. NO. 4:26-cv-04127**<br>JURY |

**DEFENDANT CHRISTOPHER BOLIN'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant, Christopher Bolin ("Bolin"), in his individual capacity, moves to dismiss Plaintiff Charles Julian Taylor's ("Taylor") Texas common law tort claims for failure to state a viable claim. *See* FED. R. CIV. P. 12(c).

## I. Nature of the Case.

This case arises out of a traffic stop and arrest of Plaintiff Taylor on May 26, 2024, by then-Deputy Constable Bolin. In his Original Complaint [Dkt. 1], Taylor has sued Bolin under 42 U.S.C. § 1983 for false arrest, excessive force, and race discrimination, has also asserted Texas common law tort claims for false imprisonment (Complt., ¶¶ 86-87) and assault and battery (*id.*, ¶¶ 90–94). Bolin timely answered [Dkt. 19] and has asserted the election-of-remedies bar

of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.106, to defeat all of Taylor's Texas tort claims. This motion seeks a partial judgment in Bolin's favor dismissing these claims.

## II. Argument.

Rule 12(c) allows a defendant to move for a judgment on the pleadings after filing an answer to the complaint. *See* FED. R. CIV. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). The standard for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. *See Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *Bustos v. Martini Club*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

"When applicable, § 101.106(f) of the Texas Tort Claims Act renders officers 'immune from suit.'" *Frias v. Hernandez*, 142 F.4th 803, 807 (5th Cir. 2025) (quoting *McFadden v. Olesky*, 517 S.W.3d 287, 294-95 (Tex. App.—Austin 2017, pet. denied)). "'When it applies, § 101.106(f) 'mandates[] plaintiffs to pursue lawsuits against governmental units rather than their employees,' and entitles the employee 'to dismissal' of the relevant tort claim.'" *Id.*, at 807

(quoting *Wilkerson v. Univ. of N. Tex. ex rel. Bd. of Regents*, 878 F.3d 147, 159 (5th Cir. 2017) (quoting *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 352 (Tex. 2013), and *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017))).

Even if the plaintiff chooses to sue only an employee, that employee – if he can meet section 101.106(f)'s requirements – can force the plaintiff to dismiss its suit against the employee and to file an amended petition against the governmental unit:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.*, § 101.106(f).

"'More succinctly, a defendant is entitled to dismissal upon proof that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the [Texas] Tort Claims Act.'" *Frias*, 142 F.4th at 808 (quoting *Laverie*, 517 S.W.3d at 752). The Court "may dismiss claims on the pleadings when the facts alleged establish that the conduct at issue fell within

the scope of employment." *Id.* (citing *Smith v. Heap*, 31 F.4th 905, 913-14 (5th Cir. 2022).

Element One of Section 101.106(f) is conceded by Taylor's Original Complaint, which alleges that Bolin "was, at all times relevant herein, a duly employed deputy constable with the Harris County Constable's Office, Precinct 2, acting under color of law and within the scope of his employment." Orig. Complt., ¶ 5; *see also* ¶¶ 43-44, 53, 62. He specifically incorporated these course and scope allegations as a predicate to his state law claims. *Id.*, ¶¶ 80, 85, 89. Element One only requires the defendant "to link his 'job responsibilities' to 'the alleged tort[s].'" *Smith*, 31 F.4th at 913 (2022)(quoting *Garza v. Harrison*, 574 S.W.3d 389, 394 (Tex. 2019)). Thus, Element One is satisfied by the pleadings.

Element Two is also established by the pleadings. Whether Taylor's claims "could have been brought" under the Tort Claims Act against Bolin's employer (the Constable's Office) is determined by asking if "the claim is in tort and not under another statute that independently waives immunity. In such cases, the suit 'is considered to be against the employee in the employee's official capacity only'" *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011) (quoting Section 101.106(f)). In *Franka*, the Texas Supreme Court "held that, barring an independent statutory waiver of immunity, tort claims against the government are brought 'under this chapter [the TTCA]' for subsection (f) purposes even

when the TTCA does not waive immunity for those claims." *Alexander v. Walker*, 435 S.W.3d 789, 792 (2014) (citing *Franka*, 332 S.W.3d at 379-80 (quoting Tex. Civ. Prac. & Rem. Code § 101.106(f))). *See also Wilkerson*, 878 F.3d at 161 (quoting *Franka*, 332 S.W.3d at 369, for the proposition that "all common-law tort theories alleged against a governmental unit are assumed to be 'under the Tort Claims Act' for purposes of section 101.106").

⋆ ⋆ ⋆

Accordingly, since the pleadings concede that Bolin was at all times acting within the course and scope of his government employment and Taylor's common-law tort claims could have been brought under the Texas Tort Claims Act against Bolin's governmental employer, Section 101.106(f) requires that the Court dismiss such claims against Bolin in his individual capacity within thirty days of the filing of this motion.

Respectfully submitted,

OLSON & OLSON, LLP

By: /s/ ***Ramón G. Viada III***
Ramón G. Viada III
State Bar No. 20559350
2727 Allen Parkway, Suite 600
Houston, Texas 77019
(713) 444-5347
rviada@olsonllp.com

ATTORNEYS FOR DEFENDANT
CHRISTOPHER BOLIN

**CERTIFICATE OF SERVICE**

I certify that all parties and/or counsel of record have been served a true and correct copy of this document by electronic submission for filing and service through the Electronic Case Files System of the Southern District of Texas on October 5, 2026.

/s/ ***Ramón G. Viada III***
Ramón G. Viada III